# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| VANDELLA NEWBERRY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| | : 7:05-CV-00047 (HL) |
| VALDOSTA - LOWNDES COUNTY CONFERENCE CENTER & TOURISM AUTHORITY, et al., | : |
| Defendants. | : |

# ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. 10), in which all Defendants ostensibly move for summary judgment as to all issues. For the reasons explained herein, Defendants' Motion is granted with respect to Plaintiff's Title VII claims against Defendant Valdosta-Lowndes County Conference Center and Tourism Authority.

## I. FACTUAL HISTORY

Plaintiff, Vandella Newberry, filed a six-count Complaint against Defendants Valdosta-Lowndes County Conference Center and Tourism Authority ("Authority"), Martin B. Brown, Rod Casey, Edgar Roberts, David Sumner, Michael Jetter, Rick Williams, David Motley, Rob Evans, Dana Gavin, Joe Pritchard, and Larry Hanson, in connection with the allegedly unlawful termination of Plaintiff's employment by Defendant Authority. In Count One, Plaintiff alleges Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e to §2000e-17 (West 2003), in discharging Plaintiff due to her race.

In Count Two, Plaintiff alleges Defendants violated the Age Discrimination and Employment Act of 1967 ("ADEA")\, 29 U.S.C. A. §§ 621 - 634 (West 2003), in discharging Plaintiff on the basis of age. In Counts Three through Six, Plaintiff alleges Defendants' actions "caused Plaintiff to suffer and endure a severe stigma on her personal and professional reputation"; "have inflicted intentional emotion distress upon the Plaintiff"; "deprive[d] the Plaintiff of equal protection of the laws"; and "constitut[e] a denial of due process and equal protection," respectively. (Pl.'s Compl. ¶¶ 63, 65, 69, 74.)

**II. ANALYSIS**

After the close of discovery, Defendants filed the Motion for Summary Judgment currently before the Court, arguing the Court lacked subject matter jurisdiction over Plaintiff's Title VII claim against Defendant Authority. According to Defendants, Plaintiff cannot establish that Defendant Authority meets the statutory definition of "employer" under Title VII. Defendants also argue, in the alternative, that Defendant Authority is nevertheless entitled to summary judgment as to the Title VII claim because Defendant Authority had a legitimate nondiscriminatory reason for its employment decisions. Defendants' Motion does not address the merits of any of Plaintiff's other claims, as presented in her Complaint.

With respect to the Title VII claim, Plaintiff does not dispute that Defendant Authority itself employs less than fifteen individuals; however, Plaintiff argues, as an entity under the common control of the City of Valdosta and Lowndes County, Defendant Authority does meet the statutory definition of "employer" under Title VII. According to Plaintiff, because Defendant Authority was a joint enterprise created by the City and County, which each employ

in excess of five hundred employees, the Court must, under the integrated enterprise test, consider the employees of both the City and County in determining whether Defendant Authority meets the statutory definition of "employer."

Although the integrated enterprise test is used in some circumstances to aggregate multiple entities for the purposed of counting employees, the integrated enterprise test is not applicable in this case. In Lyes v. City of Rivera Beach, 166 F.3d 1332, 1342 (11th Cir. 1999), the United States Court of Appeals for the Eleventh Circuit held the integrated enterprise test should not be used when determining whether multiple governmental subdivisions should be aggregated for Title VII purposes. Instead, the court fashioned a new test: "when assessing whether multiple governmental entities are a single 'employer' under Title VII, we begin with the presumption that governmental subdivisions denominated as separate and distinct under state law should not be aggregated for purposes of Title VII." Id. at 1345.

This presumption may be overcome provided a plaintiff can establish that "a governmental entity was structured with the purpose of evading the reach of federal employment discrimination law." Id. Without a showing that the entity was created with an evasive purpose, "the presumption against aggregating separate public entities will control the inquiry, unless it is clearly outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII." Id. Accordingly, without evidence of an evasive purpose, a plaintiff must show "that a reasonable fact finder could conclude that the presumption of distinctness is clearly outweighed" to survive summary

judgment. Id.

Here, Defendant Authority was created in 1999 by the Georgia General Assembly for the stated purpose of "oversee[ing] the construction, completions, and operation of a conference center which shall be used for civic, cultural, and educational purposes; for fairs, conferences, expositions, conventions, seminars, and other similar activities; for the promotion of the local economy; and for the purpose of directing and promoting tourism, conventions, and trade shows in the Valdosta-Lowndes County Area." 1999 Ga. Laws 4072, § 1. Plaintiff has offered no argument on this issue and has presented no evidence which suggests the stated purpose cited above was not the true purpose in organizing Defendant Authority. In the absence of any evidence to the contrary, the Court finds Defendant Authority was not created for the purpose of evading the reach of federal employment discrimination law. In light of the Court's finding, Plaintiff must show that the City of Valdosta and/or Lowndes County exercises so much control over the fundamental aspects of the employment relationships of Defendant Authority that the presumption against combining the entities is clearly outweighed.

Plaintiff has offered a single piece of evidence regarding this issue. Plaintiff submits the Affidavit of Willie T. Head, Jr., a member of the City Council for the City of Valdosta and the current Mayor Pro Tempore. Mr. Head asserts "[t]he Valdosta Lowndes County Conference Center and Tourism Authority was created via a cooperative arrangement between the City of Valdosta and Lowndes County." (Head Aff. ¶ 6.) Mr. Head further asserts that Defendant Authority is "partially funded by the City of Valdosta, governed in party by the members of the Valdosta City Council and is a joint enterprise between the City and County government."

(Head Aff. ¶ 6.)

Without more evidence, the Court cannot conclude that Plaintiff has overcome her burden. Mr. Head's statements show, at most, that the City and County worked together in securing the legislation creating Defendant Authority and jointly fund Defendant Authority. Mr. Head offers no evidence regarding whether the City or County exercise any control over Defendant Authority's employer-employee relationships. Therefore, based on the evidence submitted, Plaintiff cannot overcome the presumption that Defendant Authority is a distinct entity, and Defendant Authority is entitled to summary judgment on the Title VII claim.

### III. CONCLUSION

In conclusion, for the reasons set forth above, Defendants' Motion is granted with respect to Plaintiff's Title VII claim against Defendant Authority. Because Plaintiff's Title VII claim against this Defendant is barred, the Court need not discuss whether the Defendant Authority's employment decisions were legitimate and nondiscriminatory. Defendant has not addressed Plaintiff's ADEA, stigma-plus, intentional infliction of emotional distress, equal protection, and due process claims against Defendant Authority or against all other Defendants. Therefore, these claims and all Defendants remain in the case.

**SO ORDERED**, this the 30th day of March, 2007.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs/mls